## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | * | Chapter 7 |
| RITA BROWNER | * | Case No.: 23-00087-ELG |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| LATONYA GRIFFIN | * | |
| *Creditor,* | * | |
| v. | * | |
| RITA BROWNER | * | |
| *Debtor.* | * | Adv. Pro.: |

**FILED**

JUL – 3 2023

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## LATONYA GRIFFIN'S COMPLAINT FOR
## A DETERMINATION EXCEPTING DEBT FROM DISCHARGE

COMES NOW Plaintiff-Creditor, Latonya Griffin, pro se, who hereby files a Complaint against Defendant-Debtor Rita Browner (the "Debtor") for a determination excepting debt from discharge against Debtor Rita Browner. In support of this Request, Creditor states as follows:

### JURISDICTION AND VENUE

1.  On March 29, 2023, the Debtor Rita Browner filed a voluntary petition (the "petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Columbia.

2.  An Official Form 309A (For Individuals or Joint Debtors) Notice of Chapter 7 Bankruptcy Case was mailed to the undersigned's office.

3.      The Notice of Chapter 7 Bankruptcy Case provided a deadline of July 3, 2023 to object to discharge or to challenge whether certain debts are dischargeable under 11 U.S.C. § 727(a)(2), (4), or (6) and 11 U.S.C. § 523(a)(2), (4), or (6).

4.      As of the date of this Complaint the Debtor Rita Browner has not been granted a discharge.

5.      This is an adversary proceeding in which the Plaintiff-Creditor Latonya Griffin is seeking a determination as to the dischargeability of the debt owed by the Debtor Rita Browner to Plaintiff-Creditor Latonya Griffin under Bankruptcy Code §§ 523(a)(2)(A) and/or (a)(6).

6.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § 523.

7.      This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

8.      Creditor Griffin consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

## PARTIES

9.      Plaintiff-Creditor Latonya Griffin is a citizen and resident of the State of Maryland residing at 6604 Parson Avenue, Baltimore, Maryland 21215.

10.     Plaintiff-Creditor Latonya Griffin is the holder of an unsecured claim against the Defendant-Debtor Rita Browner.

11.     Defendant is the Debtor in the above-captioned case. Defendant-Debtor has indicated that her address for purposes of the Bankruptcy Proceeding as 1251 Penn Street NE, Unit 2, Washington, DC 20002.

12.     William Douglas White is the Chapter 7 Case Trustee in *Griffin v. Browner*, Case No. 23-00087-ELG, pending in the United States Bankruptcy Court for the District of Maryland.

## PLAINTIFF-CREDITOR'S STATE COURT SUIT AGAINST
## DEFENDANT-DEBTOR RITA BROWNER

13.     On November 7, 2022, Plaintiff-Creditor Latonya Griffin filed a Complaint

against Defendant-Debtor Rita Browner in a matter styled *Latonya Griffin v. Rita Brower*, In the

Circuit Court for Baltimore City, Case Number: 24-C-22-004705.

14.     Plaintiff-Creditor's State Court Suit concerns the present debt and alleges

amongst other counts, intentional misrepresentation, unjust enrichment, and civil

theft/conversion. A copy of the Complaint filed is attached hereto as Exhibit 1.

15.     Plaintiff-Creditor Latonya Griffin perfected personal service of Defendant-Debtor

at 534 N. Milton Street, Baltimore, Maryland 21205 on March 1, 2023. (Attached Exhibit 2,

Affidavit of Service of Rita Browner)

16.     Defendant-Debtor Rita Browner has failed to file an Answer pursuant to

Maryland Rule of Civil Procedure 2-321 or otherwise participate in the pending litigation. On

June 30, 2023, a Request for Default against Defendant-Debtor Rita Browner. (Attached Exhibit

3, Request for Order of Default) That request is currently pending in the Circuit Court for

Baltimore City.

17.     This litigation is still pending in the Circuit Court for Baltimore City. Plaintiff-

Creditor Latonya Griffin has alleged that Defendant-Debtor:

(a)     made a series of false representations of material fact to plaintiff Latonya

Griffin regarding her ability, willingness, and agreement to repay the principal loan to

purchase 4212 Wentworth Road, Baltimore, Maryland 21207 and the promised interest of

$5,000.00 per year;

(b)     made the false representations for the purpose of defrauding Plaintiff

Griffin; and

(c)        converted the payments issued by Plaintiff Griffin for Defendant's own

use and benefit without permission and/or justification. These actions by Defendant

Browner constituted a conversion and/or theft of Plaintiff Griffin's property.

### FACTUAL ALLEGATIONS

18.    In the Spring of 2016, Defendant- Debtor Browner approached Plaintiff-Creditor

Latonya Griffin with a business proposition regarding becoming business partners to renovate

and rent/sell properties. Plaintiff-Creditor Latonya Griffin advised Defendant-Debtor Browner

that she was not interested in such a business.

19.    Defendant-Debtor Rita Browner then advised Plaintiff-Creditor Latonya Griffin

that she could become an investor. Defendant-Debtor Browner advised Creditor Griffin that she

would beat the interest rate Plaintiff-Creditor Griffin was receiving on her retirement fund and

would pay $5,000.00 per year in interest on the loan.

20.    Debtor Browner informed Creditor Griffin that her investment would be utilized

to purchase a property known as 4212 Wentworth Road, Baltimore, Maryland 21215. Debtor

Browner agreed to repay the loan with interest upon the sale and/or renting of the Wentworth

property.

21.    These representations prompted the formation of a verbal agreement between

Plaintiff-Creditor Griffin and Defendant-Debtor Rita Browner.

22.    Defendant-Debtor Rita Browner advised Plaintiff-Creditor Latonya Griffin that

Defendant-Debtor Rita Browner would prepare and execute a written instrument of the

agreement.  Plaintiff-Creditor Latonya Griffin's investment was to be utilized to purchase a

residence located at 4212 Wentworth Road, Baltimore, Maryland 21215.

23.     Plaintiff-Creditor Latonya Griffin, who had formed a friendship with Defendant-Debtor Rita Browner relied on these representations and believed in good faith Defendant-Debtor Rita Browner would repay the loan in full with interest pursuant to the verbal agreement.

24.     Defendant-Debtor Rita Browner repeatedly informed Plaintiff-Creditor Latonya Griffin that she would memorialize the verbal agreement into a written instrument.

25.     Defendant-Debtor Rita Browner made continuing representations to Plaintiff-Creditor Latonya Griffin that she would repay the investment with interest upon the sale and/or renting of 4212 Wentworth Road, Baltimore, Maryland 21215.

26.     These representations prompted the formation of the verbal agreement between Plaintiff-Creditor Latonya Griffin and Defendant-Debtor Rita Browner and also induced Plaintiff-Creditor Latonya Griffin to make payments to Defendant-Debtor Browner.

27.     On April 11, 2016, Plaintiff-Creditor Latonya Griffin issued a personal check in the amount of $30,000.00 to Genesis for closing on the Wentworth property. This check was negotiated on April 11, 2016.

28.     On April 18, 2016, Plaintiff-Creditor Latonya Griffin withdrew $5,099.24 in cash which was paid to Defendant-Debtor Rita Browner for closing costs on the Wentworth property. Additionally, on April 18, 2016, Plaintiff-Creditor Latonya Griffin initiated a wire transfer in the amount of $74,900.76 to Sandy Spring Title Company in Rockville, Maryland for settlement on the Wentworth property.

29.     On or about April 18, 2016, Defendant-Debtor Rita Browner and her son, Jarrick Joshua Browner closed on the property known as 4212 Wentworth Road, Baltimore, Maryland 21207. The property was ultimately titled in the name of Jarrick Joshua Browner.

30.     On June 10, 2016, Plaintiff-Creditor Latonya Griffin further transferred the sum of $6,000.00 to Defendant-Debtor Browner.

31.     Plaintiff-Creditor Latonya Griffin made payments to Defendant-Debtor Rita Browner in the amount of $116,000.00 as consideration in support of the agreement entered with Defendant-Debtor Rita Browner.

32.     Defendant-Debtor Rita Browner agreed to repay Plaintiff-Creditor Griffin $850.00 per month beginning November 2019. On November 8, 2019, Defendant-Debtor Rita Browner deposited the sum of $850.00 into Plaintiff-Creditor Latonya Griffin's bank account.

33.     On January 2, 2020, Defendant-Debtor Rita Browner sent a text message and/or email to Plaintiff-Creditor Latonya Griffin wherein she confirmed in writing that she agreed to pay Plaintiff-Creditor Latonya Griffin $850.00 a month towards the Wentworth property loan. Defendant-Debtor Rita Browner further specified that each payment is to be paid within the month and deducted from the outstanding balance of the loan in the amount of $105,000.00.

34.     Defendant-Debtor Rita Browner failed to make a payment in the amount of $850.00 on the Wentworth loan in December 2019. Defendant-Debtor Rita Browner has failed to make any additional payments to Plaintiff-Creditor Griffin on the Wentworth property loan.

35.     In approximately June/July of 2021, the property known as 4212 Wentworth Road, Baltimore, Maryland 21207 was sold for $412,500.00.

36.     Defendant-Debtor Rita Browner never fulfilled the repayment obligation that she had been promised in the parties' oral agreement nor did she perform and/or otherwise satisfy her obligations pursuant to her text message regarding the terms of the loan.

## COUNT I – NON DISCHARGEABILITY OF PLAINTIFF'S DEBT UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

37.     Plaintiff-Creditor Latonya Griffin re-alleges and incorporates paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.     Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt...
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by...
>
> (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....

39.     Defendant-Debtor Rita Browner made representations to Plaintiff-Creditor Latonya Griffin consistent with the agreement, that Defendant-Debtor Rita Browner would repay the loans with interest upon the sale and/or renting of the residence at 4212 Wentworth Road, Baltimore, Maryland 21207.

40.     Defendant-Debtor Rita Browner made these representations without the ability or intention to repay the indebtedness incurred, constituting false representations.

41.     Defendant-Debtor Rita Browner made these false representations for the purpose of defrauding Plaintiff-Creditor Latonya Griffin.

42.     Defendant-Debtor Rita Browner filed her petition for Bankruptcy 28 days after being served with Plaintiff-Creditor's State Court Complaint to avoid payment of the debts owed to Plaintiff-Creditor Latonya Griffin.

43.     All or part of the debt owed to Plaintiff-Creditor Latonya Griffin is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §§ 523(a)(2)(A).

## COUNT II – NON DISCHARGEABILITY OF PLAINTIFF'S DEBT UNDER SECTION 523(a)(6)) OF THE BANKRUPTCY CODE

44.     Plaintiff-Creditor Latonya Griffin re-alleges and incorporates paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     Bankruptcy Code § 523(a)(6)) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt…

> (6) or willfull and malicious injury by the debtor to another entity or to the property of another entity

46.     Defendant-Debtor Rita Browner willfully and maliciously converted the payments issued by Plaintiff-Creditor Latonya Griffin for Defendant-Debtor Rita Browner's own use and benefit without permission and/or justification. These actions by Defendant-Debtor Rita Browner constituted a conversion and/or theft of Plaintiff-Creditor's Griffin's property, resulting in injury.

47.     All or part of the debt owed to Plaintiff-Creditor Latonya Griffin is non-dischargeable as it is a debt is a debt for willful and malicious injury caused by the Defendant-Debtor within the meaning of Bankruptcy Code §§ 523(a)(6).

**WHEREFORE,** Plaintiff-Creditor Latonya Griffin respectfully requests that the Court enter a Judgement determining that the debt to Plaintiff-Creditor Latonya Griffin in the amount of $116,000.00 is non-dischargeable under Bankruptcy Code § 523(a)(2)(A), and § 523(a)(6) and grant such other and further relief that the Court deems just and proper.

Respectfully submitted,

Latonya Griffin
6604 Parson Avenue
Baltimore, MD 21215
Phone Number: (443)604-7660
Email: griffingreen11@yahoo.com

RECEIVED
CIRCUIT COURT FOR
BALTIMORE CITY
22 NOV -7 PM 5:00
CIVIL DIVISION

IN THE CIRCUIT COURT FOR Anne Arundel County

(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

FORM FILED BY:☒PLAINTIFF  ☐DEFENDANT   CASE NUMBER_____ (Clerk to insert)

CASE NAME: Latonya Griffin   vs.  Rita Browner
Plaintiff                         Defendant

PARTY'S NAME: Latonya Griffin   PHONE:_____

PARTY'S ADDRESS: 6604 Parson Avenue, Baltimore, Maryland 21215

PARTY'S E-MAIL:_____

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Anton L. Iamele   PHONE: (410)779-6160

PARTY'S ATTORNEY'S ADDRESS: 201 N. Charles Street, Suite 400, Baltimore, MD 21201

PARTY'S ATTORNEY'S E-MAIL: aiamele@iamelelaw.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No If yes, Case #(s), if known:_____

ANTICIPATED LENGTH OF TRIAL?: _____ hours  2  days

### PLEADING TYPE

New Case:  ☒Original   ☐ Administrative Appeal   ☐ Appeal
Existing Case: ☐Post-Judgment   ☐ Amendment
*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt:_____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☒ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☒ Breach
☐ Business and Commercial
☐ Confessed Judgment
(Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Misc
☐ Speci
☐ Struc

**EXHIBIT**
1

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☒ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☒ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☒ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated **Liability** above*, mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.  ☒ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000      ☐ $10,000 - $30,000      ☐ $30,000 - $100,000      ☒ Over $100,000

☐ Medical Bills $_____      ☐ Wage Loss $_____      ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation         ☐ Yes   ☒ No          C. Settlement Conference   ☒ Yes   ☐ No
B. Arbitration       ☐ Yes   ☒ No          D. Neutral Evaluation        ☐ Yes   ☒ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.  (Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time               ☐ More than 3 days of trial time

☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited-** Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response                                   Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE
## MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under
Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response                                    Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY,
PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☒ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

11/7/2002
_____
Date

201 N. Charles Street, Suite 400
_____
Address

Signature of Counsel / Party

Anton L. Iamele, CPF #: 9812160049
Printed Name

| Baltimore | MD | 21201 |
|---|---|---|
| City | State | Zip Code |

| | | |
|---|---|---|
| **LATONYA GRIFFIN**<br>6604 Parson Avenue<br>Baltimore, Maryland 21215 | * | IN THE |
| | * | CIRCUIT COURT |
| *Plaintiff* | * | FOR |
| v. | * | BALTIMORE CITY |
| **RITA BROWNER**<br>534 North Milton Street<br>Baltimore, Maryland 21205 | * | |
| | * | |
| *Defendant* | * | |

\*     \*     \*     \*     \*     \*     \*          Case No.:

\*     \*     \*     \*     \*     \*     \*     \*

## PLAINTIFF'S COMPLAINT AND DEMAND FOR A JURY TRIAL

Now comes, Plaintiff Latonya Griffin, by and through her undersigned counsel, Anton L. Iamele and Iamele & Iamele, LLP, who hereby sues Defendant Rita Browner and states as follows:

### VENUE AND JURISDICTION

1. Pursuant to Maryland Annotated Code, Courts and Judicial Proceedings Article §6-201, et. seq., venue is appropriate in the Baltimore City Circuit Court, as the agreement(s) at issue in this case were formed in Baltimore City and the subject events underpinning the causes of action occurred within Baltimore City. The amount in controversy exceeds $30,000.00.

### PARTIES

2. Plaintiff Latonya Griffin (hereinafter referred to as "Plaintiff Griffin") is a citizen and resident of Maryland, residing at 6604 Parson Avenue, Baltimore, Maryland 21215.

3. Defendant Rita Browner (hereinafter referred to as "Defendant Browner"), is a citizen and resident of Maryland, residing at 534 North Milton Avenue, Baltimore, Maryland 21205.

### FACTUAL ALLEGATIONS

4. This case concerns a course of dealings that spans the past six years. As will be more thoroughly set forth herein, beginning in the Spring of 2016. Defendant Browner approached Plaintiff Griffin regarding becoming an investor in Defendant's business of renovating and renting/selling properties. These representations prompted the formation of a verbal agreement between Plaintiff Griffin and Defendant Rita Browner. Defendant Rita Brower advised Plaintiff Griffin that Defendant would prepare and execute a written instrument of the agreement. Plaintiff Griffin's investment was to be utilized to purchase a residence located at 4212 Wentworth Road, Baltimore, Maryland 21215. Defendant Browner made continuing representations to Plaintiff Griff that she would repay the investment with interest upon the sale and/or renting of 4212 Wentworth Road, Baltimore, Maryland 21215. These representations prompted the formation of the verbal agreement between Plaintiff Griffin and Defendant Browner and also induced Plaintiff Griffin to make payments to Defendant Browner. In December of 2019, it became evident that Defendant Browner would not be completing the promised repayment and that she had engaged in an ongoing scheme to deceive, defraud, and otherwise harm Plaintiff Griffin.

5. Plaintiff Griffin first had occasion to meet Defendant Browner in 2015, when she was preparing to renovate a rowhouse property known as 530 North Milton Avenue, Baltimore, Maryland 21205.

6. Defendant Browner advised Plaintiff Griffin that she and her husband, Ferris Browner, regularly purchased and rehabilitated properties.

7. In the Spring of 2016, Defendant Browner approached Plaintiff Griffin with a business proposition regarding becoming business partners to renovate and rent/sell properties. Plaintiff Griffin advised Defendant Browner that she was not interested in such a business.

8.  Defendant Browner then advised Plaintiff Griffin that she could become an investor. Defendant Browner further advised Plaintiff Griffin how it would work and how the investment could benefit them both. Defendant Browner advised Plaintiff Griffin that she would beat the interest rate Plaintiff Griffin was receiving on her retirement fund and would pay $5,000.00 per year in interest on the loan.

9.  Defendant Browner informed Plaintiff Griffin that her investment would be utilized to purchase a property known as 4212 Wentworth Road, Baltimore, Maryland 21215. Defendant Browner agreed to repay the loan with interest upon the sale and/or renting of the Wentworth property.

10. Plaintiff Griffin, who had formed a friendship with Defendant Rita Browner relied on these representations and believed in good faith Defendant Browner would repay the loan in full with interest pursuant to the verbal agreement.

11. Defendant Browner repeatedly informed Plaintiff Griffin that she would memorialize the verbal agreement into a written instrument.

12. On April 11, 2016, Plaintiff Griffin issued a personal check in the amount of $30,000.00 to Genesis for closing on the Wentworth property. This check was negotiated on April 11, 2016. (Attached Exhibit 1, Negotiated Personal Check)

13. On April 18, 2016, Plaintiff Griffin withdrew $5,099.24 in cash which was paid to Defendant Rita Browner for closing costs on the Wentworth property. Additionally, on April 18, 2016, Plaintiff Griffin initiated a wire transfer in the amount of $74,900.76 to Sandy Spring Title Company in Rockville, Maryland for settlement on the Wentworth property. (Attached Exhibit 2, Baltimore America Statement)

14. On or about April 18, 2016, Defendant Rita Browner and her son, Jarrick Joshua Browner closed on the property known as 4212 Wentworth Road, Baltimore, Maryland 21207. The property was ultimately titled in the name of Jarrick Joshua Browner.

15. On June 10, 2016, Plaintiff Griffin further transferred the sum of $6,000.00 to Defendant Browner. (Attached Exhibit 3, Bank of America Statement)

16. Defendant Browner agreed to repay Plaintiff Griffin $850.00 per month beginning November 2019. On November 8, 2019, Defendant Browner deposited the sum of $850.00 into Plaintiff Griffin's bank account. (Attached Exhibit 4, Bank of America Receipt)

17. On January 2, 2020, Defendant Browner sent a text message and/or email to Plaintiff Griffin wherein she confirmed in writing that she agreed to pay Plaintiff Griffin $850.00 a month towards the Wentworth property loan. Defendant Browner further specified that each payment is the be paid within the month and deducted from the outstanding balance of the loan in the amount of $105,000.00. (Attached Exhibit 5, Text Messages from Defendant Rita Browner)

18. Defendant Rita Browner failed to make a payment in the amount of $850.00 on the Wentworth loan in December 2019. Defendant Rita Browner has failed to make any additional payments to Plaintiff Griffin on the Wentworth property loan.

19. In approximately June/July of 2021, the property known as 4212 Wentworth Road, Baltimore, Maryland 21207 was sold for $412,500.00.

20. Defendant Browner never fulfilled the repayment obligation that she had been promised in the parties' oral agreement nor did she perform and/or otherwise satisfy her obligations pursuant to her text message regarding the terms of the loan.

## COUNT I – INTENTIONAL MISREPRESENTATION
*(Latonya Griffin v. Rita Browner)*

21. Plaintiff Latonya Griffin re-alleges and incorporates paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Defendant Rita Browner made a series of false representations of material fact to plaintiff Latonya Griffin regarding her ability, willingness, and agreement to repay the principal loan to purchase 4212 Wentworth Road, Baltimore, Maryland 21207 and the promised interest of $5,000.00 per year.

23. The misrepresentation of fact were initially made by way of verbal communication in 2016 when Defendant Browner advised Plaintiff Griffin that Plaintiff could be an investor and that Plaintiff's investment would earn interest in an amount greater than the funds were earning in Plaintiff's retirement fund. These statements induced Plaintiff Griffin to withdraw the funds from her retirement account.

24. These misrepresentations of materials fact were subsequently amplified, furthered and continued by additional verbal representations made by Defendant Browner, to Plaintiff Griffin.

25. Defendant Browner made the false representations for the purpose of defrauding Plaintiff Griffin.

26. Plaintiff Griffin reasonably relied upon Defendant Browner's verbal and written representations that she would repay the Wentworth property loan/investment.

27. Plaintiff Griffin suffered damages as a direct and result of her reliance on Defendant Browner's misrepresentations. Among other damages, Plaintiff was fraudulently induced to make payments to Defendant Browner totaling approximately $116,000.00.

WHEREFORE, Plaintiff Latonya Griffin demands judgment against Defendant Rita Browner for actual, compensatory, and special damages (past, present, and future) in excess of $75,000.00, as may be proved at the trial of this cause, with interest and cost.

## COUNT II – UNJUST ENRICHMENT
*(Latonya Griffin v. Rita Browner)*

28. Plaintiff Latonya Griffin re-alleges and incorporates paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Beginning in Spring of 2016 Defendant Browner held herself out to be in the business of purchasing, renovating, and renting/selling businesses to make a profit. At all times relevant to this Complaint, Plaintiff Griffin reasonably believed that she was investing in Defendant Browner's business dealings to purchase a property known as 4212 Wentworth Road, Baltimore, Maryland 21207.

30. Plaintiff Griffin made payments to Defendant Browner approximating $116,000.00 for an investment which was to be utilized to purchase a property known as 4212 Wentworth Road, Baltimore, Maryland 21207.

31. The payments made by Plaintiff Griffin to Defendant Browner conferred a benefit on Defendant Browner in the amount of $116,000.00.

32. Defendant was aware of and had knowledge of the payments and the benefits conferred upon her. She did not, however, repay the investment upon renters occupying and/or the sale of the property located at 4212 Wentworth Road, Baltimore, Maryland 21207.

33. Defendant Browner's acceptance and retention of the funds paid by Plaintiff Griffin was inequitable.

WHEREFORE, Plaintiff Latonya Griffin demands judgment against Defendant Rita Browner for actual, compensatory, and special damages (past, present, and future) in excess of $75,000.00, as may be proved at the trial of this cause, with interest and cost.

## COUNT III – CIVIL THEFT/CONVERSION
*(Latonya Griffin v. Rita Browner)*

34. Plaintiff Latonya Griffin re-alleges and incorporates paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Beginning in Spring of 2016 Defendant Browner held herself out to be in the business of purchasing, renovating, and renting/selling businesses to make a profit. At all times relevant to this Complaint, Plaintiff Griffin reasonably believed that she was investing in Defendant Browner's business dealings to purchase a property known as 4212 Wentworth Road, Baltimore, Maryland 21207.

36. Plaintiff Griffin made payments to Defendant Browner approximating $116,000.00 for an investment which was to be utilized to purchase a property known as 4212 Wentworth Road, Baltimore, Maryland 21207.

37. The Defendant Browner converted the payment issued by Plaintiff Griffin for Defendant's own use and benefit without permission and/or justification. These actions by Defendant Browner constituted a conversion and/or theft of Plaintiff Griffin's property.

WHEREFORE, Plaintiff Latonya Griffin demands judgment against Defendant Rita Browner for actual, compensatory, and special damages (past, present, and future) in excess of $75,000.00, as may be proved at the trial of this cause, with interest and cost.

## COUNT IV – BREACH OF CONTRACT
*(Latonya Griffin v. Rita Browner)*

38. Plaintiff Latonya Griffin re-alleges and incorporates paragraphs 1 through 20 of this Complaint as if fully set forth herein.

39. In Spring of 2016, Plaintiff Griffin entered into a contact with Defendant Rita Browner, wherein Plaintiff Griffin would loan funds, amounting to $116,000.00, to purchase a property known as 4212 Wentworth Road, Baltimore, Maryland 21207 and Defendant Browner would repay the loan along with interest in the amount of $5,000.00 per year.

40. Defendant Browner repeatedly informed Plaintiff Griffin that she would memorialize the agreement in writing.

41. In January 2020, Defendant Rita Browner sent a text message to Plaintiff Griffin wherein she agreed to repay a loan in the amount of $105,000.00 to Plaintiff Griffin that was utilized to purchase the Wentworth property. Repayment was to be in the amount of $850.00 per month. A copy of this correspondence has been attached hereto as Exhibit 5.

42. Plaintiff Griffin made payments to Defendant Browner in the amount of $116,000.00 as consideration in support of the agreement entered with Defendant Browner.

43. Defendant Browner materially breached the contract by failing to issue payment in the amount of $850.00 to Plaintiff Griffin by December 31, 2019.

44. Defendant Browner's failure to perform the obligations cited constitutes a breach of the terms of the contract.

45. Due to Defendant Browner's breach of the terms of the contract, Plaintiff is entitled to specific performance, accrued interest, and attorney's fees.

WHEREFORE, Plaintiff Latonya Griffin demands judgment against Defendant Rita Browner for actual, compensatory, and special damages (past, present, and future) in excess of $75,000.00, as may be proved at the trial of this cause, with interest and cost.

Respectfully submitted,

IAMELE & IAMELE, LLP

Anton L. Iamele
Client Protection Fund #: 9812160049
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
Telephone: 410-779-6160
Facsimile: 410-779-6161
aiamele@iamelelaw.com
*Attorney for Plaintiff*

### JURY DEMAND

Plaintiff Latonya Griffin hereby requests a trial by jury as to all issues triable herein.

Anton L. Iamele

Amount:        $30,000.00          Sequence Number:

Account:                           Capture Date:    04/11/2016

Bank Number:                       Check Number:    2031

**Bank of America Advantage**

LATONYA A GRIFFIN        04-92                                    2031
6604 PARSONS AVE
BALTIMORE MD 21215-1918                                          7-163/520 MO
                                    11 Apr 16                     8104
                                                _____ Date

Pay
to the order of    Genesis                         $ 30,000

thiety - thousand    00/100                        Dollars

**Bank of America**

ACH R/T 052001633

Memo    Wentworth

Electronic Endorsements:

| Date | Sequence | Bank # | Endrs Type | TRN | RRC | Bank Name |
|------|----------|--------|------------|-----|-----|-----------|
| 04/11/2016 | | | | Y | | |
| 04/11/2016 | | | | N | | |



LATONYA A. GRIFFIN  |  Account #                        |  April 15, 2016 to May 13, 2016

## Withdrawals and other subtractions

| Date | Description | Amount |
|---|---|---|
| 04/18/16 | MD TLR cash withdrawal from CHK 9545 | 5,099.24 |
| 04/18/16 | WIRE TYPE:WIRE OUT DATE:160418 TIME:0514 ET TRN:2016041800054906 SERVICE REF:002157 BNF:1ST TITLE AND ECSROW ID:1513994501 BNF BK:SAND Y SPRING BANK ID:055001096 PMT DET:6U4NTYJ7A | -74,900.76 |

Total withdrawals and other subtractions

**EXHIBIT**

2

 **Bank of America**


LATONYA A GRIFFIN   |   Account #          May 14, 2016 to June 15, 2016

## Withdrawals and other subtractions - continued

| Date | Description | Amount |
|------|-------------|--------|
| 06/09/16 | MD TLR cash withdrawal from CHK 9545 | -5,000.00 |
| 06/10/16 | MD TLR transfer to CHK 9958 | -6,000.00 |

Total withdrawals and other subtractions

## Checks

| Date | Check # | Amount | | Date | Check # | Amount |
|------|---------|--------|--|------|---------|--------|

Total # of checks

* There is a gap in sequential check numbers

EXHIBIT
3



**Rita/ House**
1:30 PM, Nov 8



Bank of America

Customer
Receipt

All sums are credited subject to verification, collection, and conditions of the Rules and Regulations of this Bank and its otherwise provided by law. Payments are accepted when credit is applied to outstanding balances and not upon issuance of this receipt. Transactions received after the Bank's posted cut-off time or Saturday, Sunday, and Bank Holidays, are dated and considered received as of the next business day.

Please return this receipt until you receive your account statement.

Thank you for banking with Bank of America. Save time with fast, reliable deposits, withdrawals, transfers and more at thousands of convenient ATM locations.

Member FDIC
05-14-2005B  10-2012

Tran 00077   11/08/2019 12:42
Entity AMD  CC 5018057 Tlr 00003
From CHK Account
To CHK Account
Total Deposit                    $850.00


Save


Share


EXHIBIT
4

**Alyssa Abramat**

| | |
|---|---|
| **From:** | Anton Iamele |
| **Sent:** | Friday, October 21, 2022 12:18 PM |
| **To:** | Alyssa Abramat |
| **Subject:** | FW: Text from Rita |

**From:** Denise Coates <dcoates2017@yahoo.com>
**Sent:** Thursday, October 20, 2022 6:07 PM
**To:** Anton Iamele <aiamele@iamelelaw.com>
**Subject:** Fw: Text from Rita

----- Forwarded Message -----
**From:** Griffin Green <griffingreen11@yahoo.com>
**To:** Denise Coates <dcoates2017@yahoo.com>
**Sent:** Thursday, October 20, 2022 at 05:41:14 PM EDT
**Subject:** Fw: Text from Rita

Sent from Yahoo Mail on Android

----- Forwarded Message -----
**From:** "Griffin Green" <griffingreen11@yahoo.com>
**To:** "DENISE COATES" <coates2017@comcast.net>
**Cc:**
**Sent:** Wed, Apr 15, 2020 at 5:03 PM
**Subject:** Text from Rita

----- Forwarded Message -----
**From:** Griffin Green <griffingreen11@yahoo.com>
**To:** Griffin Green <griffingreen11@yahoo.com>
**Sent:** Thursday, January 2, 2020, 09:56:06 PM EST
**Subject:**

Hi Tonya I agreed to pay you $850/mo starting 11/19 towards Wentworth as you used $105k from your 401K. Each pmt to be
paid within the month and deducted from outstanding balance. It's unfortunate our business venture did not materialize but
our friendship remains!

Sent from Yahoo Mail on Android


EXHIBIT
5

**Alyssa Abramat**

**From:**          Anton Iamele
**Sent:**          Friday, October 21, 2022 12:18 PM
**To:**            Alyssa Abramat
**Subject:**       FW: Text from rita

**From:** Denise Coates <dcoates2017@yahoo.com>
**Sent:** Thursday, October 20, 2022 6:08 PM
**To:** Anton Iamele <aiamele@iamelelaw.com>
**Subject:** Fw: Text from rita

----- Forwarded Message -----
**From:** Griffin Green <griffingreen11@yahoo.com>
**To:** Denise Coates <dcoates2017@yahoo.com>
**Sent:** Thursday, October 20, 2022 at 05:37:30 PM EDT
**Subject:** Fw: Text from rita

Sent from Yahoo Mail on Android

----- Forwarded Message -----
**From:** "Griffin Green" <griffingreen11@yahoo.com>
**To:** "DENISE COATES" <coates2017@comcast.net>
**Cc:**
**Sent:** Wed, Apr 15, 2020 at 4:57 PM
**Subject:** Fw: Text from rita

**To:** "FFauntleroy@stattorney.org" <FFauntleroy@stattorney.org>
**Cc:**
**Sent:** Fri, Feb 28, 2020 at 11:50 AM
**Subject:** Text from rita

----- Forwarded Message -----
**From:** Griffin Green <griffingreen11@yahoo.com>
**To:** Griffin Green <griffingreen11@yahoo.com>
**Sent:** Thursday, January 2, 2020, 10:05:04 PM EST
**Subject:**

My payment of $850/mo is payback for Wentworth and it was $105k

Sent from Yahoo Mail on Android

| | | |
|---|---|---|
| LATONYA GRIFFIN | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| RITA BROWNER | * | BALTIMORE CITY |
| Defendant | * | Case No.: 24-C-22-004705 CN |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF SERVICE OF PRIVATE PROCESS SERVER

I, Evan Krause, do solemnly swear under the penalties of perjury that I have personal knowledge of the facts set out herein.

1. I am a competent person over the age of eighteen not a party to this case.
2. I served the following papers:

   a. Writ of Summons;
   b. Civil Non Domestic Case Information Report;
   c. Complaint;
   d. Demand for Jury Trial; and
   e. Exhibits 1-5.

I personally served:

**Rita Browner**
534 N. Milton Street
Baltimore, MD 21205

**Notes:** <u>She said she was Rita Browner and accepted service.</u>

DATE: ___3/1/23___

Evan Krause
Veritas Process Services LLC
P.O. Box 15
Felton PA 17322-0015
410.929.3535
ekrause@veritasprocessservices.com

**_Description of Individual Served:_**
DATE: 3/1/23
TIME: 5:16 pm
RACE: African American
GENDER: Female
HT: 5'6"
WT: 160
APPROX AGE: 60's


EXHIBIT
2

CIRCUIT COURT FOR BALTIMORE CITY
Xavier A. Conaway
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389

W R I T   O F   S U M M O N S   (P r i v a t e   P r o c e s s)
Case Number: 24-C-22-004705 CN
C I V I L

Latonya Griffin vs Rita Browner

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

To: RITA BROWNER
534 North Milton St.
Baltimore, MD 21205

You are hereby summoned to file a written response by pleading or motion,
within 30   days after service of this summons upon you, in this court, to
the attached Complaint filed by: Latonya Griffin
6604 Parson Ave.
Baltimore, MD 21215

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of
Maryland

Date Issued:  02/22/23

Xavier A. Conaway
Clerk of the Circuit Court, per

To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT
BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

| | | |
|---|---|---|
| **LATONYA GRIFFIN** | * | IN THE |
| *Plaintiff* | * | CIRCUIT COURT |
| v. | * | FOR |
| **RITA BROWNER** | * | BALTIMORE CITY |
| *Defendant* | * | Case No.: 24-C-22-004705 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REQUEST FOR ORDER OF DEFAULT

COMES NOW Plaintiff, Latonya Griffin, by and through her undersigned counsel, Anton L. Iamele of IAMELE & IAMELE, LLP, who hereby moves for the entry of a Default Judgment against Defendant Rita Browner. In support of this Request, Plaintiff states as follows:

1. On or about November 7, 2022, Plaintiff filed a Complaint against Defendant Rita Browner in the Circuit Court for Baltimore City. The claims set forth within Plaintiff's Complaint included causes of action against Defendant for intentional misrepresentation, unjust enrichment, civil theft/conversion, and breach of contract.

2. On March 1, 2023, Defendant Rita Browner was personally served copies of the Writ of Summons, Complaint and Demand for Jury Trial, and Civil Non-Domestic Information Report in the above-captioned case by private process server. (Attached Exhibit 1, Affidavit of Service on Rita Browner)

3. Notice that Defendant, Rita Brower had been served with Writ of Summons in the underlying Complaint was filed in this Court on or about March 9, 2023.

4. Pursuant to Maryland Rule of Civil Procedure 2-321, Defendant Rita Browner was required to file an Answer to Plaintiff's Compliant within thirty (30) days of the service date. Accordingly, Defendant Rita Browner's Answer was due on or before March 31, 2023.



5. To date, Defendant, Rita Browner has not filed her Answer to Plaintiff's Complaint which was filed with the Circuit Court of Maryland for Baltimore City on November 7, 2022. Pursuant to Maryland Rules of Civil Procedure 2-613, "[i]f the time for Pleading has expired and a Defendant has failed to plead as provided by these Rules, the Court on written request of the Plaintiff, shall enter an Order of Default...." Because Defendant, Rita Browner, has not responded to the aforementioned Complaint in a timely fashion, Plaintiff hereby requests that an Order of Default be entered in the case against Rita Browner.

6. The last known address of Defendant Rita Browner is 534 N. Milton Street, Baltimore, Maryland 21205.

WHEREFORE, Plaintiff Latonya Griffin respectfully requests that his Honorable Court enter Default Judgment in her favor against Defendant Rita Browner.

Respectfully submitted,

IAMELE & IAMELE, LLP

Anton L. Iamele
Client Protection Fund #: 9812160049
201 North Charles Street, Suite 400
Baltimore, Maryland 21201-4111
Telephone: 410-779-6160
Facsimile: 410-779-6161
aiamele@iamelelaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **30th** day of **June, 2023**, copies of the foregoing

Request for Order of Default and Non-Military Affidavit were mailed with prepaid first-class

postage to the following:

Rita Browner
534 N. Milton Street
Baltimore, MD 21205

Anton L. Iamele

| | | |
|---|---|---|
| LATONYA GRIFFIN | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| RITA BROWNER | * | BALTIMORE CITY |
| Defendant | * | Case No.: 24-C-22-004705 CN |

*     *     *     *     *     *     *     *     *     *     *     *     *

### AFFIDAVIT OF SERVICE OF PRIVATE PROCESS SERVER

I, Evan Krause, do solemnly swear under the penalties of perjury that I have personal knowledge of the facts set out herein.

1. I am a competent person over the age of eighteen not a party to this case.
2. I served the following papers:

   a. Writ of Summons;
   b. Civil Non Domestic Case Information Report;
   c. Complaint;
   d. Demand for Jury Trial; and
   e. Exhibits 1-5.

I personally served:

**Rita Browner**
534 N. Milton Street
Baltimore, MD 21205

**Notes:** She said she was Rita Browner and accepted service.

DATE: _3/1/23_

Evan Krause
Veritas Process Services LLC
P.O. Box 15
Felton PA 17322-0015
410.929.3535
ekrause@veritasprocessservices.com

**Description of Individual Served:**
DATE: 3/1/23
TIME: 5:16 pm
RACE: African American
GENDER: Female
HT: 5'6"
WT: 160
APPROX AGE: 60's



CIRCUIT COURT FOR BALTIMORE CITY
Xavier A. Conaway
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389


W R I T   O F   S U M M O N S   ( P r i v a t e   P r o c e s s )
Case Number: 24-C-22-004705 CN
C I V I L

Latonya Griffin vs Rita Browner

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

        To: RITA BROWNER
            534 North Milton St.
            Baltimore, MD 21205


    You are hereby summoned to file a written response by pleading or motion,
within 30  days after service of this summons upon you, in this court, to
the attached Complaint filed by:  Latonya Griffin
                                  6604 Parson Ave.
                                  Baltimore, MD 21215

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of
Maryland

Date Issued:  02/22/23          Xavier A. Conaway
                                Clerk of the Circuit Court, per


To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT
BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

| | | |
|---|---|---|
| **LATONYA GRIFFIN** | * | IN THE |
| *Plaintiff* | * | CIRCUIT COURT |
| v. | * | FOR |
| **RITA BROWNER** | * | BALTIMORE CITY |
| *Defendant* | * | Case No.: 24-C-22-004705 |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## NON- MILITARY AFFIDAVIT

1.    Defendant Rita Browner is not in the military service of the United States;

2.    Defendant Rita Browner is not in the military service of any nation allied with the United States;

3.    Defendant Rita Browner has not been ordered for induction under the Selective Training and Service Act.

4.    Defendant Rita Browner is not a member of the Enlisted Reserve Corps who has been ordered to report for military service.

5.    The following facts support the above statements:

  a.    On June 30, 2023, a Status Report pursuant to Servicemembers Civil Relief Act was requested from the Department of Defense Manpower Data Center and listed no current military duties or connections for the Defendant. (See Attached Exhibit 1)

I solemnly affirm under the penalties of perjury that the contents of the aforegoing paper are true to the best of my knowledge, information, and belief.

Anton L. Iamele, *Affiant*

Department of Defense Manpower Data Center

Results as of : Jun 30 2023 02:57:13 PM

SCRA 5.16



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:              XXX-XX-6125
Birth Date:
Last Name:       BROWNER
First Name:      RITA
Middle Name:
Status As Of:    Jun-30-2023
Certificate ID:  Z8XD977BHS7DXLW

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955



The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

| LATONYA GRIFFIN | * | IN THE |
|---|---|---|
| *Plaintiff* | * | CIRCUIT COURT |
| v. | * | FOR |
| RITA BROWNER | * | BALTIMORE CITY |
| *Defendant* | * | Case No.: 24-C-22-004705 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER OF DEFAULT

It is ORDERED this _____ day of _____, 2023, that an Order

of Default is entered against Defendant Rita Browner due to her failure to file Answer to

Plaintiff's Complaint as called for by the Maryland Rules of Civil Procedure.


_____

Judge, Circuit Court for Baltimore City


Copies to:

Anton L. Iamele, Esquire
Latonya Griffin
Rita Browner