**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | * | |
| **RITA BROWNER,** | * | Case No.: 23-00087-ELG |
| Debtor. | * | |
| * * * * * * * * * * * * | | |
| **LATONYA GRIFFIN,** | * | |
| Plaintiff, | * | |
| v. | * | Adv. Pro.: 23-10015-ELG |
| **RITA BROWNER,** | * | |
| Defendant/Debtor. | * | |
| * * * * * * * * * * * * * | | |

**LATONYA GRIFFIN'S FIRST AMENDED COMPLAINT**
**FOR A DETERMINATION EXCEPTING DEBT FROM DISCHARGE**

The Plaintiff, Latonya Griffin ("Ms. Griffin"), by and through her undersigned counsel, hereby files this First Amended Complaint against Defendant Rita Browner ("Defendant" or "Debtor") for a determination excepting debt from discharge against Debtor. In support of her Amended Complaint, Ms. Griffin states as follows:

**JURISDICTION AND VENUE**

1. This is an adversary proceeding in which Ms. Griffin is seeking a determination as to the dischargeability of the debt owed to her by the Defendant under Bankruptcy Code § 523(a)(2)(A) and/or (a)(6). Accordingly, this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § 523.

2. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Ms. Griffin consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

## PARTIES AND BACKGROUND

5. Ms. Griffin is a citizen and resident of the State of Maryland at resides at 6604 Parson Avenue, Baltimore, Maryland 21215. Ms. Griffin is the holder of an unsecured claim against Defendant-Debtor.

6. Defendant is the Debtor in the above-styled bankruptcy case by virtue of her having filed in this Court on March 29, 2023 a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code").

7. Defendant-Debtor can best be described as a serial bankruptcy filer having filed at least five (5) prior bankruptcy cases. See Main Case Docket. Defendant Debtor is also no stranger to real estate related financial scams having previously been convicted of loan sharking charges related to a fraudulent foreclosure rescue business. See Browner v. District of Columbia, 549 A.2d 1107 (D.C. Ct. App. 1988).

8. This case concerns a course of dealings between the parties that began in April 2015 and spanned over the next six years.

## THE STATE COURT SUIT AGAINST THE DEFENDANT

9. On November 7, 2022, Ms. Griffin filed a Complaint against the Defendant/Debtor in the Circuit Court for Baltimore City, Maryland. The associated case number is 24 C 22 004705 (the "State Court Suit").

10. As set forth herein, it is the allegations in the State Court Suit that form the basis for this non-dischargeability action.

11. In that regard, Ms. Griffin's State Court Suit concerns a pre-petition loan made to the Debtor and alleges (among other things) intentional misrepresentation, unjust enrichment, and

6114931.1

civil theft/conversion. A copy of the Complaint filed in the State Court Suit was attached as **Exhibit 1** to the original complaint filed by Ms. Griffin when she initiate this adversary proceeding.

12. More particularly, Ms. Griffin alleged in the State Court Suit that the Defendant:

   a. made a series of false representations of material fact to Ms. Griffin in order to induce her to enter into a contract to loan money to the Defendant--specifically, the Debtor made a series of false representations of material fact to Ms. Griffin regarding her expertise in the home improvement/rehabilitation industry;

   b. made a series of false representations of material fact to Ms. Griffin in order to induce her to enter into a contract to loan money to the Defendant--specifically, the Debtor made a series of false representations of material fact to Ms. Griffin regarding the Debtor's ability, willingness, and intent to repay the loan made to the Debtor that was utilized to purchase 4212 Wentworth Road, Baltimore, Maryland 21207 (the "Wentworth Property"), and the promised interest on the loan of $5,000.00 per year; and

   c. misrepresented that upon sale of the Wentworth Property, the Defendant would repay the loan made by Ms. Griffin—instead, the Defendant converted the proceeds from the sale to her own personal use and benefit and without permission and/or justification.

13. The State Court Suit was stayed by the filing of the above-styled bankruptcy—which happened to be a mere twenty-eight (28) days after the Defendant was served with Ms. Griffin's State Court Suit (and likely to avoid payment of the debt owed to Ms. Griffin).

6114931.1

## FACTUAL ALLEGATIONS

A. **The Inducement.**

14. In April 2015, Ms. Griffin had the occasion to meet the Defendant when Ms. Griffin was in the process of renovating a rowhouse located at 530 North Milton Avenue, Baltimore, Maryland 21205.

15. At that time, the Defendant falsely represented to Ms. Griffin that she and her husband, Ferris Browner, had expertise in the home improvement/rehabilitation industry and regularly purchased and rehabilitated properties.

16. What the Defendant did not disclose to Ms. Griffin was that she was mired in numerous uncompleted renovation projects and had a history of utilizing materials and funds from one project in an attempt to complete other projects.

17. In February of 2016, Defendant-Debtor approached Ms. Griffin with a business proposition that involved becoming business partners to renovate and rent/sell real estate.

18. Ms. Griffin advised the Defendant that she was not interested in such a business so the Defendant than advised Ms. Griffin that she could instead become an investor.

19. Notwithstanding Ms. Griffin's express lack of interest in going into business with the Defendant, the Defendant continued to pressure Ms. Griffin about becoming an investor and in doing so the Defendant falsely represented how the investment would work and how this would be beneficial for both Ms. Griffin and Defendant-Debtor.

20. More particularly, the Defendant falsely advised Ms. Griffin that as an investor the Defendant would exceed the rate of return that Ms. Griffin was receiving on her retirement fund at the time based on payment of $5,000.00 per year in interest on any funds advanced by Ms. Griffin.

6114931.1

21. The Defendant also misrepresented that Ms. Griffin's investment would be utilized to purchase the Wentworth Property and the loan would be repaid with interest upon the sale and/or rental of the Wentworth Property.

22. All of these misrepresentations ultimately induced Ms. Griffin to agree to make the loan to the Defendant.

23. Moreover, Ms. Griffin believed that she and the Defendant had formed a genuine friendship and, therefore, reasonably and in good faith relied on the Defendant's representations regarding her real estate expertise, the proposed return on the loan, and the repayment of the loan.

24. Further, the Defendant repeatedly misrepresented to Ms. Griffin that she would prepare and execute a written instrument that memorialized the parties' verbal agreement.

**B.    The Money Loaned.**

25. On April 11, 2016, Ms. Griffin issued a personal check in the amount of $30,000.00 to Genesis Foundation, an entity controlled by the Defendant, for what she believed was the purchase and settlement of the Wentworth Property. The check was negotiated on April 11, 2016.

26. On April 18, 2016, Ms. Griffin withdrew $5,099.24 in cash and directly paid over these funds to the Defendant for which she was told were the closing costs associated with the purchase of the Wentworth Property.

27. Additionally, on April 18, 2016, Ms. Griffin initiated a wire transfer in the amount of $74,900.76 to Sandy Spring Title Company in Rockville, Maryland for the purchase and settlement on the Wentworth Property.

28. Notwithstanding that Ms. Griffin advanced the Defendant over $110,000.00, on or about April 18, 2016 the Defendant and her son, Jarrick Joshua Browner ("Jarrick"), closed on the purchase of the Wentworth Property for the sum of $75,075.00.

29. For reasons unknown to Ms. Griffin, the Wentworth Property was titled in Jarrick's name.

30. In conjunction with the closing on the Wentworth Property, Jarrick executed an affidavit stating that he was a first-time home buyer and he would occupy the Wentworth Property for 7-12 months after the conveyance of the Wentworth Property.

31. On June 10, 2016, Ms. Griffin transferred the additional sum of $6,000.00 to the Defendant for what Ms. Griffin believed was for the purchase of construction materials to be utilized for the renovation of the Wentworth Property.

32. In total, Ms. Griffin loaned the Defendant $116,000.00 for the purchase of the Wentworth Property.

33. After the final advance on the loan was made in June 2016, Ms. Browner believed that the Defendant was continuously making improvement to the Wentworth Property.

34. Sometime in late 2018, however, the Defendant informed Ms. Griffin that she was out of money and would need another loan in order to finish the renovations on the Wentworth Property.

35. Ms. Griffin refused to advance any further money to the Defendant.

36. In November 2019, some three years after making the final $6,000 advance to the Defendant, Ms. Griffin was told by the Defendant that she would repay the loan by making monthly payments of $850.00.

37. On November 8, 2019, Defendant-Debtor deposited the sum of $850.00 into Ms. Griffin's bank account.

38. Defendant-Debtor did not make any further monthly payments of $850.00 to Ms. Griffin on the Wentworth Property loan.

39. On January 2, 2020, Defendant communicated with Ms. Griffin and confirmed that she had agreed to pay Ms. Griffin $850.00 per month on the Wentworth property loan.

40. Defendant further specified that said payments would begin within the month.

41. No further payments were made on the loan and on December 31, 2020 the Wentworth Property, which Ms. Griffin believes was fully renovated, was sold to an entity named RWB Property Acquisitions, LLC ("RWB") for $90,000.00.

42. Upon the sale of the Wentworth Property, the Defendant converted the sale proceeds for her own use and failed to repay Ms. Griffin's loan as promised.

43. Eight months after the sale of the Wentworth Property to RWB, it was re-sold by RWB for $412,500.00.

44. To summarize, the Defendant made numerous and material false representations to Ms. Griffin in conjunction with the Wentworth Property loan, including but not limited to: (i) misrepresenting that she and her husband were experienced home improvement/rehabilitation contractors; (ii) promising to repay the loan upon the sale or rental of the Wentworth Property, (iii) guaranteeing a rate of return in excess of that being earned on Ms. Griffin's retirement account, (iv) promising to memorialize the loan in a written document, and (iv) promising to make monthly payments of $850.00.

45. Defendant-Debtor never intended to, and in fact never did, fulfill the numerous promises made to Ms. Griffin both prior to and after making the loan.

46. Instead, the Defendant fraudulently induced Ms. Griffin to make the loan with the intent that she would ultimately sell the Wentworth Property and abscond with the proceeds from the sale.

## COUNT I
## NON-DISCHARGEABILITY OF DEBT UNDER
## SECTION 523(A)(2)(A) OF THE BANKRUPTCY CODE

47. Ms. Griffin re-alleges and incorporates paragraphs 1 through 46 of this First Amended Complaint as if fully set forth herein.

48. In relevant part, Section 523(a)(2)(A) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt …

******

(2) for money, property services, or an extension, renewal, or refinancing of credit, to the extent obtained by…

(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

49. As stated herein, in February of 2016, Defendant approached Ms. Griffin with a business proposition and induced Ms. Griffin to make the loan by misrepresenting that the Defendant and her husband were experienced home improvement/rehabilitation professionals.

50. The Defendant further misrepresented that the loan would be repaid upon the sale and/or rental of the Wentworth property.

51. The Defendant also misrepresented that she would beat the interest rate that Ms. Griffin was receiving on her retirement fund.

52. The Defendant further represented on numerous occasions that she would prepare and execute a written document memorializing the loan.

53. Defendant made an additional misrepresentation when she told Ms. Griffin she would repay the loan by making monthly payments of $850.00.

54. Defendant made these false representations in order to induce Ms. Griffin to make the loan.

6114931.1

55. Defendant made these false representations when she had no intention whatsoever to repay the loan made by Ms. Griffin.

56. Defendant made these false representations for the purpose of defrauding Ms. Griffin.

57. Ms. Griffin reasonably and in good faith relied on the Defendant's representations regarding her real estate expertise, the proposed return on the loan, and the repayment of the loan.

58. It is undisputed that Ms. Griffin lost a total of $116,000.00 as a consequence of Defendant's misrepresentations and fraud.

59. The debt owed to Ms. Griffin is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § 523(a)(2)(A).

WHEREFORE, Latonya Griffin respectfully requests that this Court enter a Judgment determining that the debt to Ms. Griffin Latonya Griffin in the amount of $116,000 is non-dischargeable under Bankruptcy Code § 523(a)(2)(A)

## COUNT II
## NON-DISCHARGEABILITY OF DEBT UNDER
## SECTION 523(a)(6) OF THE BANKRUPTCY CODE

60. Ms. Griffin re-alleges and incorporates paragraphs 1 through 59 of this First Amended Complaint as if fully set forth herein.

61. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt …

*****

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

6114931.1

62. Here, the Defendant made numerous intentional misrepresentations to Ms. Griffin that induce her into making the loan to the Defendant, including that the Defendant would repay the loan with interest upon the sale and/or rental of the Wentworth property.

63. Instead, upon the sale of the Wentworth Property, the Defendant willfully and maliciously absconded with the sale proceeds instead of repaying the loan made by Ms. Griffin.

64. The Defendant absconded with the proceeds from the sale of the Wentworth for her own personal use and benefit and without permission and/or justification.

65. Defendant Debtor had an obligation to repay the loan with interest upon the sale and/or rental of the Wentworth property.

66. These actions by the Defendant constituted a willful and malicious conversion and/or theft of Ms. Griffin's property that resulted in material injury to Ms. Griffin.

67. All or part of the debt owed to Ms. Griffin is non-dischargeable as it is a debt for willful and malicious injury caused by the Defendant within the meaning of Bankruptcy Code § 523(a)(6).

WHEREFORE, Ms. Griffin Latonya Griffin respectfully requests that this Court enter a Judgment determining that the debt owed to her in the amount of $116,000 is non-dischargeable under Bankruptcy Code § 523(a)(6).

Dated: March 1, 2024.                                    Respectfully Submitted:

/s/ Richard L. Costella
Richard L. Costella
Fed. Bar No.: MD14095
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Tel.: 410-752-9700
Email: Rcostella@tydings.com

*Counsel to Plaintiff*

6114931.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March, 2024, a copy of the foregoing *AMENDED COMPLAINT* was served via the Court's ECF filing system on the following:

Maurice Belmont VerStandig, Esquire
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012
Email: mac@mbvesq.com

           /s/ Richard L. Costella
           Richard L. Costella