Richard L. Costella
Fed. Bar No.: MD14095
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Tel.: 410-752-9700
Email: Rcostella@tydings.com
*Counsel to Plaintiff*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re:** | * | |
| **RITA BROWNER,** | * | **Case No.: 23-00087-ELG** |
| **Debtor.** | * | |

* * * * * * * * * * * *

| | | |
|---|---|---|
| **LATONYA GRIFFIN,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Adv. Pro.: 23-10015-ELG** |
| **RITA BROWNER,** | * | |
| **Defendant/Debtor.** | | |

* * * * * * * * * * * * *

## ANSWER TO COUNTERCLAIM

The Plaintiff, Latonya Griffin ("Ms. Griffin" or "Plaintiff"), by and through her undersigned counsel, Richard L. Costella and Tydings & Rosenberg LLP; hereby answers the Counterclaim filed by defendant/counter-plaintiff Rita Browner as set forth below.

## PARTIES

1. Ms. Griffin admits the allegations of paragraph number 1.

2. Ms. Griffin admits the allegations of paragraph number 2.

## GENERAL ALLEGATIONS: AUTOMATIC STAY VIOLATION

3. The allegations of paragraph 3 refer to a document, which document speaks for itself and therefore does not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph 3 as incomplete and further denies any allegations to the extent that they inaccurately or incompletely characterize the document.

4. The allegations of paragraph 4 refer to a document, which document speaks for itself and therefore does not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph 4 as incomplete and further denies any allegations to the extent that they inaccurately or incompletely characterize the document.

5. The allegations of paragraph 5 refer to a document, which document speaks for itself and therefore does not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph 5 as incomplete and further denies any allegations to the extent that they inaccurately or incompletely characterize the document.

6. The allegations of paragraph 6 refer to a document, which document speaks for itself and therefore does not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph 6 as incomplete and further denies any allegations to the extent that they inaccurately or incompletely characterize the document. Moreover, the allegations of paragraph 6 state a legal argument and do not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph number 6.

7. The allegations of paragraph 7 state a legal argument and do not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph number 7.

8. Ms. Griffin lacks sufficient knowledge or information to form a belief regarding the allegations of the first sentence of paragraph number 8. The remaining allegations of paragraph

8 state a legal conclusion and do not require a response. To the extent a response is required, Ms. Griffin denies the remaining allegations of paragraph number 8.

9. The allegations of paragraph 9 state a legal conclusion and do not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph number 9.

10. The allegations of paragraph 10 state a legal conclusion and do not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph number 10.

11. Ms. Griffin lacks sufficient knowledge or information to form a belief regarding the allegations of paragraph number 11.

**COUNT 1**

12. Ms. Griffin repeats the responses to paragraphs 1 through 11 as though fully set forth herein.

13. The allegations of paragraph 13 state a legal conclusion and do not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph number 13.

14. The allegations of paragraph 14 state a legal conclusion and do not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph number 14.

15. The allegations of paragraph 15 state a legal conclusion and do not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph number 15.

16. The allegations of paragraph 16 state a legal conclusion and do not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph number 16.

17. The allegations of paragraph 17 state a legal conclusion and do not require a response. To the extent a response is required, Ms. Griffin denies the allegations of paragraph number 17.

Dated: November 16, 2026.

Respectfully Submitted:

/s/ Richard L. Costella
Richard L. Costella
Fed. Bar No.: MD14095
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Tel.: 410-752-9700
Email: Rcostella@tydings.com

*Counsel to Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of November, 2026, a copy of the foregoing ***ANSWER*** was served via the Court's ECF e-filing system on the following:

Maurice Belmont VerStandig, Esquire
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012
Email: mac@mbvesq.com

/s/ Richard L. Costella
Richard L. Costella